29 F.3d 385
 AUSTIN MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Deborah KING; Robert King, Individually and as Guardian Ad
Litem for Amber King, a minor, and as Special Administrator
of the Estate of Aaron King; Sheila Michels, Individually
and as Special Administrator of the Estate of Christopher
Lee Michels, and as Special Administrator of the Estate of
Jasmine Elaine Miller, Defendants-Appellants.
 No. 93-2410.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 15, 1994.
Decided July 8, 1994.
 
 John C. Sogn, Sioux Falls, SD, argued (Dean Nasser, Jr., and R. Alan Peterson, Sioux Falls, SD, on the brief, for all appellants as counsel for appellants King; Thomas M. Issenhuth, on the brief, of appellants as counsel, for appellants Michels), for appellants.
 Cheryle M. Wiedmeier, Sioux Falls, SD, argued, for appellee.
 Before MAGILL, Circuit Judge, HEANEY and JOHN R. GIBSON, Senior Circuit Judges.
 JOHN R. GIBSON, Senior Circuit Judge.
 
 
 1
 This appeal arises from the district court's entry of summary judgment in favor of Austin Mutual Insurance Company regarding Austin Mutual's obligation to pay underinsured motorist benefits after an automobile accident involving six persons. The individuals involved in the accident, or the estates of those who died, and the husband of one occupant of the vehicle recovered the policy limit of $100,000 under the tortfeasor's liability insurance, which was less than their damages. They then claimed damages under the driver's underinsured motorist coverage, which allowed a maximum recovery of $50,000 per person and $100,000 per accident and contained an offset provision reducing the insurer's "limit of liability" by amounts already recovered from the tortfeasor's insurer. The sole question before us is whether the "limit of liability" referred to in the underinsured motorist policy is the $50,000 per-person limit or the $100,000 per-accident limit. If it is the $50,000 limit, each occupant will have a net recovery, because each received less than $50,000 from the tortfeasor. If it is the $100,000 aggregate limit, the $100,000 recovered from the tortfeasor reduces the victims' recovery to zero. The district court held that the policy limit was the $100,000 per-accident limit, and because this policy limit had to be offset against the $100,000 the Kings and Michels already received from the tortfeasor, they could not recover any more under the policy. The occupants of the King vehicle appeal. We reverse.
 
 
 2
 On April 21, 1991, Timothy Leichtenberg ran a stop sign and hit a car driven by Deborah King. King and two passengers in her car, Amber King and Sheila Michels, suffered serious injuries, and three other passengers in her car, Aaron King, Jasmine Miller, and Christopher Michels, were killed. All of the occupants of the vehicle made claims against Leichtenberg's automobile insurance policy, which had limits of $50,000 per person and $100,000 per accident. The per-accident limit of coverage of $100,000 from Leichtenberg's insurer was distributed among King, the surviving passengers, and the estates of the deceased passengers. The amount each victim received of the $100,000 from Leichtenberg's insurer is as follows: Deborah King, $12,500; Amber King, $12,500; Robert King, $12,500; Aaron King, $12,500; Sheila Michels, $20,000; Christopher Michels, $15,000; and Jasmine Miller, $15,000. The parties stipulated that the victims sustained injuries in amounts greater than Leichtenberg's insurance limit. The Kings and Michels made claims against King's insurer, Austin Mutual, under the underinsured motorist coverage of King's policy. This policy also had limits of $50,000 per person and $100,000 per accident, and contained an offset provision under which the coverage available is reduced by "all sums paid because of the 'bodily injury' " by other parties or organizations.
 
 
 3
 Austin Mutual denied coverage, interpreting the offset provision of the policy to allow Austin Mutual to offset any amount received from the tortfeasor's insurer, in this case $100,000, against the per-accident maximum of underinsured motorist coverage available, in this case also $100,000. Austin Mutual also brought a declaratory judgment action seeking a determination that there was no coverage available for the Kings and Michels under either South Dakota Codified Laws Sec. 58-11-9.5 (1990 & Supp.1993), which governs underinsured motorist coverage,[1] or the terms of the policy. The district court granted summary judgment for Austin Mutual, holding that under the policy's terms and the South Dakota underinsured motorist coverage law the persons involved in the accident had no remaining coverage available to them from Austin Mutual, since Austin Mutual could offset the amount the victims received from Leichtenberg's insurer ($100,000) against the amount of underinsured motorist coverage on a per-accident basis (also $100,000). The district court reasoned that because the Kings and Michels had already received $100,000 from Leichtenberg's insurer and King's policy only provided $100,000 per-accident coverage, they were precluded from further recovery from Austin Mutual. In addition, the court held that the policy language concerning the insurer's limit of liability on underinsured motorist coverage was not ambiguous. This appeal followed.
 
 
 4
 The facts in this case are undisputed and the parties ask us only to consider and resolve issues of interpreting the insurance policy. We review the grant of summary judgment de novo. Brandenburg v. Allstate Ins. Co., 23 F.3d 1438, 1440 (8th Cir.1994). We also review a district court's interpretation of state law under a de novo standard without deference. Salve Regina College v. Russell, 499 U.S. 225, 239, 111 S.Ct. 1217, 1225, 113 L.Ed.2d 190 (1991).
 
 
 5
 The final sentence in Part A of the Limit of Liability for the underinsured motorist coverage section of King's policy states that the limit "shall be reduced by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." Austin Mutual argues this sentence requires that the $100,000 per-accident limit of King's policy be reduced by "all sums paid" by Leichtenberg's insurer ($100,000). In other words, it argues the Kings and Michels cannot recover any additional money under King's policy because the $100,000 per-accident limit must be reduced by the $100,000 already paid by Leichtenberg's insurer. We reject this argument, as we are convinced that when this provision is read together with the other terms of the underinsured motorist coverage in the policy, including the Insuring Agreement and Limit of Liability, and the definition of underinsured motor vehicle as it is amended in the South Dakota amendment of policy provisions, the meaning of these three policy provisions becomes apparent. In the policy, the insurer, Austin Mutual, agrees under underinsured motorist coverage to pay compensatory damages which an "insured," defined as a person occupying the vehicle, which includes all six occupants of the King vehicle, is "legally entitled to recover from the owner or operator of an 'underinsured motor vehicle' because of 'bodily injury.' " The Austin Mutual Insuring Agreement continues:
 
 
 6
 We will pay under this [underinsured motorist] coverage only after the limits of liability under any applicable bodily injury liability ... policies have been exhausted by payment of judgments or settlements.
 
 
 7
 Furthermore, the definition of an "underinsured motor vehicle" means a vehicle to which "a bodily injury liability ... policy applies ... but the amount paid for 'bodily injury' under that ... policy to an insured is not enough to pay the full amount, the 'insured' is legally entitled to recover as damages."
 
 
 8
 The wording of the Limit of Liability section of the policy is most critical to our discussion. The provision states:
 
 
 9
 The limit of liability ... is [Austin Mutual's] maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability ... is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident. This is the most we will pay regardless of the number of:
 
 
 10
 1. "Insureds";
 
 
 11
 2. Claims made ...
 
 
 12
 However, the limit of liability shall be reduced by all sums paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible.
 
 
 13
 When the Insuring Agreement, Limit of Liability and definition of underinsured motor vehicle policy provisions are read together, the consistent theme is that an insured or occupant of the vehicle will be paid compensatory damages under the underinsured motorist coverage provisions after the coverage from the tortfeasor has been exhausted by a payment of judgment or settlement. These portions of the policy unambiguously give the occupants of the King vehicle the right to recover these benefits under the underinsured motorist coverage of the King vehicle. The question then narrows down to what the limit of liability is of King's insurer. Here, the Limit of Liability provision first defines the maximum in terms of the limit "for each person" and "subject to this limit for each person," the limit of liability for each accident is the "maximum limit of liability for all damages for 'bodily injury' resulting from any one accident."
 
 
 14
 The Kings and Michels argue that the district court erred in granting summary judgment for Austin Mutual, contending that the amount of money received from Leichtenberg's insurer should be offset against Austin Mutual's $50,000 per-person limit, up to the maximum $100,000 per-accident limit of the underinsured motorist coverage. In other words, they argue each of the seven appellants is entitled to receive $50,000 under King's policy (for a total of $350,000), less the amount each received when the state court divided the $100,000 of coverage under Leichtenberg's policy, for a total remaining coverage due from Austin Mutual of $250,000. However, they concede this amount is limited to the maximum limit of $100,000 pursuant to the per-accident limit on the Austin Mutual policy.
 
 
 15
 In contrast, Austin Mutual contends the policy's terms and South Dakota law mandate that the reduction arising from the tortfeasor's insurance proceeds should be based on a per-accident basis, rather than the per-person limit when multiple claimants are involved. Specifically, Austin Mutual contends the $100,000 collected from Leichtenberg's insurer should offset the $100,000 in total underinsured motorist limits under King's policy, leaving no remaining coverage due by Austin Mutual. The difference in the parties' interpretations is that under the Kings' and Michels' interpretation Austin Mutual will be required to provide another $100,000 of coverage, whereas Austin Mutual reads the policy as entitling the Kings and Michels to no further recovery.
 
 
 16
 We are convinced that a per-person limit applies. As the district court properly stated, King's underinsured motorist coverage is limited to $50,000 per person, and "subject to" this limit is a maximum of $100,000 for each accident. However, the district court failed to recognize that the policy states that the coverage is "subject to this limit for each person," rather than "subject to this limit for each accident." We believe the policy must be read to consider first the claims on a per-person basis, and next "subject to this limit for each person," the per-accident limit. When the Limit of Liability provision is read together with the Insuring Agreement and the definition of underinsured motor vehicle, it is clear that the three provisions emphasize the insured or the occupants of the vehicle, and that the underinsured motor vehicle coverage applies when the recovery from the tortfeasor is not enough to pay the amount the insured is legally entitled to recover as damages. The policy language demonstrates that we must first determine the limit of the claims on a per-person basis, and then subject to that amount, look to the limit on a per-accident basis. Thus, the per-person limit controls.
 
 
 17
 To accept Austin Mutual's argument would mean that King received no underinsured motorist coverage despite paying a premium for it.
 
 
 18
 In deciding to the contrary, the district court placed substantial reliance on Farmland Insurance Companies v. Heitmann, 498 N.W.2d 620 (S.D.1993). Heitmann, however, is not helpful in resolving the issue before us. That case involved a single person, who was killed while riding a bicycle, and whose estate asserted claims against two liability insurers providing coverage to the truck that caused her injuries. Id. at 621-22. There, the tortfeasor had insurance with a per-person limit of $25,000, and the truck owner carried insurance with a $100,000 per-person limit. The decedent, whose damages exceeded the amount of coverage available from the tortfeasors, claimed underinsured motorist benefits under her policy which had a per-person limit of $100,000 for such coverage. The decision in Heitmann involved only an interpretation of the South Dakota statute in governing underinsured motorist coverage, South Dakota Codified Laws Sec. 58-11-9.5 (1990 & Supp.1993). The court in Heitmann was not required to consider the issue before us, namely whether the per-person or per-accident limit of a policy is applicable. Heitmann simply does not reach the issue before this court, and therefore, we believe the district court erred in relying on Heitmann as authority for its holding that the per-accident limit of $100,000 must be applied in this case.
 
 
 19
 In light of our conclusion that the Insuring Agreement, Limit of Liability and definition of underinsured motor vehicle provisions are clear when considered together, we need not address the Kings' and Michels' argument that the policy is ambiguous.
 
 
 20
 Accordingly, we reverse the district court's entry of summary judgment in favor of Austin Mutual.
 
 
 
 [1]
 South Dakota Codified Laws Sec. 58-11-9.5 provides:
 Subject to the terms and conditions of such underinsured motorist coverage, the insurance company agrees to pay its own insured for uncompensated damages as its insured may recover on account of bodily injury or death arising out of an automobile accident because the judgment recovery against the owner of the other vehicle exceeds the policy limits thereon. Coverage shall be limited to the underinsured motorist coverage limits on the vehicle of the party recovering less the amount paid by the liability insurer of the party recovered against.